UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRITTANY RAE LICURSI | : | |
| Plaintiff | : | CASE NO. |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| APPLICATIONS SOFTWARE | : | |
| TECHNOLOGY LLC | : | |
| Defendant | : | APRIL 20, 2026 |
| | : | |

**PETITION FOR REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

Defendant, Applications Software Technology LLC, respectfully states:

**The State Court Action**

1.      On or about March 23, 2026, an action was commenced against Defendant in the Superior Court for the Judicial District of Bridgeport, in the State of Connecticut, entitled *Brittany Licursi v. Applications Software Technology LLC*.  ("State Action.").  No further proceedings have been had in the State Action.  Copies of all process pleadings and orders have been served upon Defendant in said action are annexed hereto as Exhibit A.

**Grounds for Removal: Diversity Jurisdiction**

2.      The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity jurisdiction.

3.      28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district court of the United States have original jurisdiction."

4.     The Complaint alleges that Plaintiff is a resident of Connecticut.

5.     At the time of the alleged adverse action (in March-April, 2024), Defendant was a limited liability company with two members: Scott Scaff, who is a resident of Plano, Texas and Justin Winter, who is a resident of Alvord, Texas. Beginning in or about October 2025, Defendant's sole member became International Business Machines Corporation ("IBM"). Defendant is currently member managed.  IBM is a New York Corporation with its principal place of business in New York.

6.     There is complete diversity of citizenship because the Plaintiff (Connecticut) and the Defendant (New York, previously Texas) are citizens of different states.

7.     The amount in controversy in this matter exceeds $75,000. A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, at *11 (D. Conn. Jan. 27, 2021) (internal citations omitted). The allegations of the Complaint demonstrate that this case meets the jurisdictional threshold.

Plaintiff seeks damages in the amount of back pay and front pay, along with "mental and/or emotional harm" and attorney's fees. (*See* Complaint, Prayer for Relief).  These potential sums would satisfy the jurisdictional threshold, either on their own or in combination with some other element of Plaintiff's claimed damages.

2

Plaintiff earned an annual salary of $68,299.92 per year while working for Defendant. (Exhibit B, Pay Slip.) Plaintiff's employment was terminated approximately 108 weeks ago, on or about March 27, 2024. Thus, to date, Plaintiff's claim for backpay damages totals $141,853.68, which exceeds the jurisdictional threshold.

Garden variety emotional distress damages in an employment matter can range from $78,000 to $156,000 for "significant claims" and upwards of $156,000 for "egregious" emotional distress claims. *See Johnson v. City of New York*, 16 Civ. 6426 (KAM)(VMS), 2023 U.S. Dist. LEXIS 22582, at *25 (E.D.N.Y. Feb. 8, 2023).

Recently, this Court awarded a plaintiff's attorney $87,080 in fees following a plaintiff's verdict in a hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. *See Miro v. City of Bridgeport*, No. 3:20-cv-346 (VAB), 2024 U.S. Dist. LEXIS 14074, at *12 (D. Conn. Jan. 26, 2024). Accordingly, Defendant respectfully submits that the amount in controversy in this case exceeds $75,000.[1]

## Compliance with Procedural Requirements

8.    There are no other defendants in this case.   Thus, no other defendants must join in or consent to the removal of this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

9.    Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the District of Connecticut because the county from which the State Action is being removed lies within the State of Connecticut.

10.    Notice of this Petition will be filed promptly with the Superior Court for the Judicial District of Bridgeport, as required by 28 U.S.C. § 1446(d).

---

[1] Defendant does not concede that Plaintiff is entitled to the relief sought.

3

## Conclusion

Having fulfilled all statutory requirements, Defendant Applications Software Technology LLC removes this action to this Court from the Superior Court for the Judicial District of Bridgeport, and requests that this Court assume jurisdiction over this matter as provided by law.

**DEFENDANT,**
**APPLICATIONS SOFTWARE**
**TECHNOLOGY LLC**

By:*/s/ Allison P. Dearington*
Allison P. Dearington (ct29277)
Allison.Dearington@jacksonlewis.com
Danielle G. Sturgeon (ct31818)
Danielle.Sturgeon@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on April 20, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Danielle G. Sturgeon*
Danielle G. Sturgeon